CASE 24—PETITION EQUITY—JANUARY 19.

# Cox, &c., v. Prewitt, &c.

APPEAL FROM WHITLEY CIRCUIT COURT.

WHERE A PATENT IS ISSUED TO A PERSON WHO IS DEAD at the issuing of the patent, his heirs take the title to the land so patented as if the patent had been issued to such heirs by name. And it does not make any difference that the survey was made after the death of the person in whose name the patent was issued, as it must be presumed that the price fixed for vacant lands by the county court was paid, and an order of the court authorizing him to enter and survey the land was duly obtained.

Cox, &c., v. Prewitt, &c.

·C. W. LESTER for appellants.

> A patent issued to a person who was dead is void, and conveys no title to his heirs.

R. D. HILL for appellees.

> Where a patent issues to one who is dead, his heirs take the land. (Gen. St., p. 711; Taylor v. Fletcher, 7 B. M., 82; Clark v. Jones, 16 B. M., 126.)

CHIEF JUSTICE LEWIS delivered the opinion of the court.

Appellees instituted this action to recover the land in contest, claiming under a patent issued in 1869, in the name of William Prewitt, whose heirs at law they are. A recovery was resisted in the lower court upon two grounds: First, that in 1857, appellant Cox, under whom appellant White claims, had the land ·duly surveyed, according to law, with a view of obtaining a grant therefor from the Commonwealth; and, second, that the patent to Prewitt in 1869 is void; and, consequently, the land was unappropriated and subject to the entry and survey made for Cox in 1872, which was followed by a patent to him therefor.

There is no record evidence furnished by the appellants showing either an entry or survey of the land made for Cox in 1857; nor does it appear he ever obtained an order of court entitling him to enter and have the land surveyed. The patent obtained by him in 1882 is void, and gave him no right to the land whatever, if the one issued to Prewitt in 1869 be valid; and, therefore, the decisive question in this case is whether that patent is void.

It appears that William Prewitt, the ancestor of the appellees, died in 1862, previous to the date of the

patent, and also before the survey, which, as appears from a recital in the patent, was made December 9, 1868.

Article 1, chapter 50, General Statutes, is as follows: "When a patent is issued or shall issue, or a deed shall be made to a person who is dead at the issuing of the patent or the making of the deed, the heirs of such patentee shall take hold and enjoy the title to the estate so patented or conveyed as if such patent had issued, or deed had been made, to such heirs by name."

It seems to us the patent under which appellees claim can not be held invalid without a disregard of the plain language of the statute, which meets just such case as is now presented.

It does not make any difference that the survey was made after the death of the person in whose name the patent was issued, for it must be presumed that the price fixed for vacant lands by the county court was paid, and an order of court authorizing him to enter and survey the land was duly obtained, otherwise the patent would not have been issued.

The patent having been issued in the manner and in the name of a person expressly authorized by statute, and for land which, it is to be presumed was at the time vacant and unappropriated, must in this case be held valid and effectual to give appellees a title to the land in dispute, and a right to recover it of appellants, whose only claim is under a junior patent, which is void, at least as to the land sued for.

Judgment affirmed.