**VIRGINIA IRON, COAL & COKE COM-
PANY, Appellant,**

v.

**Jonah MARTIN et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 11, 1960.

Rehearing Denied Jan. 20, 1961.

Hobson & Stephens, Pikeville, for appellant.

Hinton & May and Francis M. Burke, Pikeville, for appellees.

CLAY, Commissioner.

Plaintiff appellees brought this suit against appellant Company to recover substantial damages for coal mined on a six acre tract of land allegedly owned by plaintiffs. The trial court found plaintiffs to be the owners of the tract and awarded them damages of approximately $3,600. The Company appeals on the ground plaintiffs failed to establish their title and the latter cross-appeal on the ground the damage award was insufficient.

It is our opinion that one of the Company's defenses was sufficient to defeat plaintiffs' claim of ownership.

We will assume plaintiffs had a proper paper title to the tract in controversy going back to a patent obtained in 1905. The Company's position is that this was a junior patent covering part of the same land patented to John Wigglesworth in 1787. If the two patents cover the same land, the junior one was void under the provisions of KRS 56.190 (formerly section 4704, Carroll's Kentucky Statutes of 1922). See Da-

vis v. Davis, 157 Ky. 530, 163 S.W. 468; Moore v. Marcum, 269 Ky. 101, 106 S.W.2d 117.

The property involved lies southwest of the Big Sandy river and northwest of Shelby Creek. In 1787 Benjamin Robinson patented a large tract with a beginning point near the Big Sandy close to the juncture of Shelby Creek. The first call is south 45 degrees west 2,500 poles. The line then turns at right angles north 45 degrees west 1024 poles, then at right angles north 45 degrees east 2,200 poles "to three sugar trees on the bank of Sandy." The boundary then proceeds southeasterly along the Sandy "as it meanders," crosses the "mouth of Shelby Creek" and thence to the point of beginning. All of the trees mentioned in the various calls have long since disappeared but the mouth of Shelby Creek constitutes a presently identifiable landmark which gives us an agreed starting point and permits us to fix with certainty the beginning point of this patent description.

The property involved is not within the Robinson patent but lies near the center of a similar rectangular patent (Wigglesworth) which adjoins it and extends southwesterly with the identical original call of south 45 degrees west. If we draw a line *following this course* from the fixed starting point near the Big Sandy, the senior Wigglesworth patent clearly covers the land in controversy. These patents were not surveyed but a witness for the Company platted the boundary lines on a United States Coast and Topographical map of this section.

The Company's position is unassailable if we follow the initial course line called for in the patents (south 45 degrees west from the definite starting point on the Big Sandy near the mouth of Shelby Creek). The plaintiffs accept this starting point in the Robinson patent but contend that the third call of the patent, which brings its northern line back to the Big Sandy, must be extended to the present bank of the river. (According to the Company's plat this line terminates approximately a mile southwest of the river and not on its immediate bank.) If we adopt the plaintiffs' theory and accept the length of the line as given in the patent, bringing the northern line over to the present bank of the Big Sandy will result in tilting the entire plat northward to such an extent that the Wigglesworth patent no longer includes but is entirely north of the land in controversy.

There are three reasons why this contention cannot be sustained. The first and perhaps most important is that to swing the patent coverage northward from a fixed starting point would completely change the direction of the first three calls in the patent. The first call, which is south 45 degrees west, cannot possibly go but in one direction, and there is no indication of a mistake in this call. The same is true for the next two calls. If any mistake appears in the patent, it is that the given length of the northern line is insufficient for it to reach the Big Sandy. In resolving the present controversy directions are more significant than distances.

Secondly, "the bank of Sandy" does not necessarily mean that the eastern terminal point of the northern line of the Robinson patent is exactly on the immediate bank of the river. Plaintiffs contend that this must be so because the subsequent calls go "thence up Sandy as it meanders." However, if we accept plaintiffs' location of the terminal point of this northern line, we still find that the subsequent calls do not follow the Big Sandy as it meanders at the present time. Thus plaintiffs' proposed plat does not follow the meanders of the Big Sandy any more closely than does that of the defendant.

What we have just said leads us to the third reason why plaintiffs' contention cannot be sustained. It is plainly evident that the calls in the Robinson patent, supposedly following the meanders of the Big Sandy, under neither plaintiffs' nor the Company's theory actually follow the river bed as it

exists today. This strongly indicates, and it is not unnatural, that the course of the river in this vicinity has substantially changed over the last 173 years. Thus the termination of the northern line "on the bank of Sandy" may well be accurately located on the Company's plat even though the river bed has apparently shifted to the east.

We are of the opinion the Company adequately proved the coverage of the senior patent to include the land in controversy, and defendants failed to contradict it except by urging a construction of the Robinson patent which would make an uncertain point take precedence over a certain point and would completely ignore the significant directional calls in the patent. We believe the Chancellor erroneously adjudged title in plaintiffs and awarded them damages. This conclusion makes moot the question raised on the cross-appeal.

No other questions raised have been considered.

The judgment is reversed.